
RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 5/12/11
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

LAMARK SIMMONS #05906-007     DOCKET NO. 11-CV-0481; SEC. P

VERSUS     JUDGE DEE D. DRELL

W. A. SHERROD     MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Lamark Simmons, an inmate from the District of Columbia who is incarcerated at United States Penitentiary in Pollock, Louisiana (USP Pollock). He claims that the United States Parole Commission abused its discretion in denying parole and/or in giving him a "set-off" rehearing date of five years.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Petitioner is a District of Columbia offender currently incarcerated at USP Pollock. He was sentenced to twenty to sixty years of incarceration, and his initial parole hearing was held on Tuesday March 9, 2010. It was recommended, and the Board ruled, that Petitioner be denied parole and that his next hearing be held five years from the date of denial, in March 2015.

## *Law and Analysis*

As this Court has noted previously, there is no right to parole; rather, parole is a privilege that may or may not be granted by the USPC, in its sound discretion. See Hunter v. U.S. Parole Com'n, 2009 WL 3853378 (W.D.La. 2009)(slip copy)(citing Wallace v. Quarterman, 516 F.3d 351, 355-56 (5th Cir. 2008)). The discretion of the USPC in making parole determinations is *extremely broad*, and district courts should not disturb a USPC decision unless it is "'flagrant, unwarranted, or unauthorized.'" Id., citing Sheary v. U.S. Parole Comm'n, 822 F.2d 556, 559 (5th Cir. 1987)(*quoting* Young v. U.S. Parole Comm'n, 682 F.2d 1105, 1108 (5th Cir. 1982)). Moreover, "[s]o long as due process requirements are observed and the Commission has acted within its statutory authority, we [courts] will not usurp the Commission's position as established in the statutory scheme enacted by Congress." Id. *quoting* Maddox v. U.S. Parole Comm'n, 821 F.2d 997, 1000 (5th Cir. 1987).

As a convict of the District of Columbia, Petitioner's parole eligibility is determined by the United States Parole Commission (USPC) pursuant to the District of Columbia guidelines in place at the time the offense was committed, which in this case was the 1987 guidelines. See Sellmon v. Reilly, 551 F.Supp.2d 66 (D.D.C. 2008). "The D.C. Parole Board's scoring system created by the 1987 guidelines simply formalized the method by which it exercised its

considerable discretion to grant parole." Simmons v. Shearin, 295 F.Supp.2d 599, 603 (D.Md. 2003)(citing Davis v. Henderson, 652 A.2d 634, 634 (D.C.1995)). In fact, the statutory language makes clear that "even if a prisoner established everything the statute required, the Board of Parole still had discretion to deny parole." Ellis v. District of Columbia, 84 F.3d 1413, 1415 (D.C.Cir. 1996). That is, under the D.C. parole statute, there is no set of facts which, if shown, mandate that the Board grant a parole release.

Petitioner also argues that his parole hearing should have been set for, at most, three years from the date of denial.[1] However, the parole board has always retained discretion to deny a reconsideration and to set a rehearing at any point that it deemed appropriate beyond the usual period. The D.C. guidelines of 1987, applicable to Petitioner's case, provide that " **[T]he Board may order a parole reconsideration date it determines to be appropriate.**" D.C. Mun. Regs. Tit. 28 §104.11 (emphasis added); see also Blair-Bey v. Quick, 151 F.3d 1036, 1047 (D.C.Cir.

---

[1] An inmate serving a sentence of more than five years who was denied parole was ordinarily granted reconsideration in twelve months. See D.C. Mun. Regs. Tit. 28, §104.2; D.C. Mun. Regs. Tit. 28, §103.2 (May 1987). Under the current rules regarding District of Columbia prisoners, the Commission may schedule a reconsideration hearing at three years from the month of the hearing denying parole. 28 C.F.R. 2.75.

1998)(explaining that the old regulations did not entitle an inmate to a rehearing within twelve months); Hall v. Henderson, 672 A.2d 1047, 1051-52, 1056 (D.C.1996) (affirming the D.C. Parole Board's five-year set-off of an inmate's parole rehearing; parole statute and regulations do not confer upon inmate a liberty interest in a parole set-off date).

Ultimately, habeas relief cannot be had absent the allegation by a petitioner that his custody is in violation of the Constitution or laws or treaties of the United States. See Hilliard v. Bd. of Pardons and Paroles, 759 F.2d 1190, 1192 (5th Cir. 1985) (internal quotations and citation omitted). There is no constitutional right to parole, and Petitioner has no constitutional right to a rehearing within twelve months, or three years, from the date of parole denial.

For the forgoing reasons, **IT IS RECOMMENDED** that the petition for habeas corpus be **DENIED**.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

4

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 27th day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE